UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Torrance McGill,

                                                   12 Civ. 7509 (KBF)

              Plaintiff,

              vs.                                       **AMENDED COMPLAINT**
                                                    **JURY TRIAL**
THE CITY OF NEW YORK; SERGEANT ROBERT       **DEMANDED**
KELLY, SHIELD # 3349; POLICE OFFICER LUIS
MORALES, SHIELD # 14304; POLICE OFFICER
STEPHEN HILLMAN, SHIELD # 22209; POLICE
OFFICER ERIC NAUGHTON, SHIELD # 31430,
POLICE OFFICER MICHAEL WHITEMAN,
SHIELD # 31800,

              Defendants
------------------------------------------------------------------X



        Plaintiff by and through his attorneys, Emery Celli Brinckerhoff & Abady LLP,

for his complaint alleges as follows:

### PRELIMINARY STATEMENT

        1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while walking with a group of friends, was approached by New York City police officers who without justification struck and punched plaintiff and then falsely arrested him. Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized excessive force, committed an unwarranted

and malicious assault and battery on plaintiff, unlawfully confined plaintiff, and caused the unjustifiable arrest of plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

5. Plaintiff Torrance McGill is a resident of the County of New York, State of New York.

6. Defendant Sergeant Robert Kelly, Shield # 3349, at all times relevant hereto, was a Sergeant of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

7. Defendant Police Officer Luis Morales, Shield # 14304, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

8. Defendant Police Officer Stephen Hillman, Shield # 22209, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

9. Defendant Police Officer Eric Naughton, Shield # 31430, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

10. Defendant Police Officer Michael Whiteman, Shield # 31800, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

11. At all times relevant herein, Defendant Sergeant Kelly and Defendant Officers Morales, Hillman, Naughton, and Whitemen (collectively, the "Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them

as agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as employees and agents of the New York City Police Department.

12.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

13.     On July 10, 2011 at approximately 1:30 a.m. plaintiff and a group of his friends were leaving an outdoor late night barbecue.

14.     As plaintiff and his friends, all of whom attended or graduated from college, were walking in the vicinity of Fifth Avenue and 116th Street, in the County of New York, they were approached by the defendant officers: Sergeant Robert Kelly and Officers Morales, Hillman, Naughton, and Whiteman.

15.     Without any basis the defendant officers told plaintiff and his friends to stop walking and to put their hands up.

16.     Everyone did as they were told and the defendant officers began to frisk plaintiff and his friends.

17.     Plaintiff then began to ask the defendant officers why they had been stopped and why they were being searched.

18.     Plaintiff was told by one of the defendant officers to "shut up."

19. When plaintiff continued to ask why they were stopped he was approached by defendant Officer Morales, who pushed plaintiff.

20. Plaintiff was pushed with such force that he fell to the ground.

21. When plaintiff tried to get up he was pushed back down by defendant Officer Morales.

22. Another defendant officer then came over and the defendant officers began to strike plaintiff while he was on the ground.

23. Plaintiff was struck repeatedly on his back with a blunt object.

24. Officer Morales then jumped on plaintiff's back and placed him in a choke hold.

25. While he was being held, one of the defendant officers punched plaintiff in the face.

26. During the beating, one of the defendant officers sprayed pepper spray into plaintiff's face.

27. At no time did plaintiff strike or attempt to strike any of the defendant officers.

28. At no time did plaintiff resist arrest, indeed, there was no basis for his arrest.

29. During this altercation, Sergeant Kelly and Officers Morales, Hillman, Naughton and Whiteman participated in the beating of the plaintiff and/or failed to intervene to prevent the other defendant officers from doing so.

30. Plaintiff was arrested and brought to the 25th precinct.

31. After being held at the 25th precinct, plaintiff was brought to Central Booking where he was released after the Manhattan District Attorney's Office reviewed the case and declined prosecution.

32. The assault on plaintiff by the defendant officers was far in excess of their rightful authority as New York City police officers and employees. This assault on plaintiff was made without proper cause.

33. The assault, false imprisonment, and false arrest of plaintiff by the defendant officers caused plaintiff to sustain physical pain and suffering and psychological and emotional trauma.

34. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

### FIRST CAUSE OF ACTION
### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights
### (Against All Individual Defendants)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 34 with the same force and effect as if more fully set forth at length herein.

36. Defendant Sergeant Kelly and Officers Morales, Hillman, Naughton, and Whiteman, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION
### Violation of Plaintiff's Fourth Amendment Rights
### (Against All Individual Defendants)

37. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 36 with the same force and effect as if more fully set forth at length herein.

38. The use of excessive force by defendant Sergeant Kelly and Officers Morales, Hillman, Naughton, and Whiteman, acting in concert, in punching, pushing and striking plaintiff, and/or in failing to intervene and prevent other defendant officers from using excessive force, was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION
### Assault
### (Against All Defendants)

39. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

41. Defendant Sergeant Kelly and Officers Morales, Hillman, Naughton, and Whiteman, were at all times agents, servants, and employees acting within the scope of their

employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

42. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION
### Battery
### (Against All Defendants)

43. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 42 with the same force and effect as if more fully set forth at length herein.

44. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

45. Defendant Sergeant Kelly and Officers Morales, Hillman, Naughton, and Whiteman, were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

46. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTH CAUSE OF ACTION
### False Arrest
### (Against All Defendants)

47.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

49.     Defendant Sergeant Kelly and Officers Morales, Hillman, Naughton, and Whiteman, were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

50.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### SIXTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision
### (Against Defendant City)

51.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 50 with the same force and effect as if more fully set forth at length herein.

52.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendant Sergeant

Kelly and Officers Morales, Hillman, Naughton, and Whiteman, individuals who were unfit for the performance of police duties on July 10, 2011.

53. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

54. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Torrance McGill shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

   a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

   b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:     May 2, 2013
           New York, New York

                                        EMERY CELLI BRINCKERHOFF &
                                        ABADY LLP

                                        By: _____
                                            Earl S. Ward (EW 2875)
                                            Jennifer M. Keighley (JK 7777)

                                        75 Rockefeller Plaza, 20th Floor
                                        New York, NY 10019
                                        (212) 763-5000


                                        Attorneys for Plaintiff